UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN CROSSON,

          Plaintiff(s),

v.

ADHESIVE SYSTEMS, INC.,

          Defendant(s).

_____/

Case No. 04-72917

Honorable Nancy G. Edmunds

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [6]

Plaintiff Calvin Crosson ("Plaintiff") brought this action against Defendant Adhesive System ("Defendant") alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.  Defendant then filed a motion for summary judgment.  Because Plaintiff was not entitled to leave under the FMLA and, in any event, has not shown that Defendant's legitimate reasons were merely pretext, the Court **GRANTS** Defendant's motion.

### I.    Factual and Procedural Background

From 1998 until his termination in 2004, Plaintiff was employed by Defendant. (Compl. ¶¶ 10-11.)  Throughout this time, Plaintiff's supervisors filed written reprimands against him for absenteeism, tardiness, as well as other improper and prohibited behaviors. For instance, on October 9, 1999, John Anderson, Plaintiff's supervisor, submitted a warning to Plaintiff that his "job [was] in jeopardy" because he was not arriving to work on

time and because of his poor performance on the job.  (October 9, 1999 Memorandum from Anderson to Crosson.)

On December 29, 2003, after Plaintiff had finished work, he went to the emergency room complaining of chest pains.  (Crosson Dep. at 65-66.)  The treating physician diagnosed him with acid reflux.  (December 29, 2003 Emergency Center Record at 4.)  Then, on February 16, 2004, he went to see his primary care physician.  (Crosson Dep. at 67-68.)  A week later, Plaintiff went for a stress test.  (Id. at 69.)  Based on these examinations, Plaintiff was instructed to change his diet, his exercise routine, and lower his cholesterol.  (February 16, 2004 Doctor's Report at 3; Crosson Dep. at 70.)  He was never told to take time off work for any illness.  (Crosson Dep. at 70.)

In his complaint, Plaintiff does not allege that he requested medical leave for any condition.[1]  He does claim that he "missed two doctor's appointment on February 6, 2003 and February 13, 2003 due to [his] inability to take time off work."  (Compl. ¶ 16.)  Plaintiff does not contend, however, that his supervisors refused to permit time off for these appointments.

Plaintiff was scheduled to start work at 7:30 A.M. on March 2, 2005.  At 8:15 A.M. that morning, Plaintiff contacted Kevin Magwood, the Team Leader for the midnight to 8:00 A.M. shift, to say that he was running late.  (Magwood Aff. ¶ 3.)  Plaintiff did not arrive at work until noon.  (Vondell Aff. ¶ 10.)  Robert Vondell terminated Plaintiff that day.  (Id. ¶ 13.)

---

[1]In his brief, Plaintiff does claim that "it is undisputed that [he] requested time off work . . . ."  (Pl.'s Resp. Br. at 4.)  There is no evidence that this request was made because he felt (or his doctor recommended) that he refrain from working.  Instead, based on the complaint and Plaintiff's deposition, he only requested time off for doctors' appointments.

Plaintiff then filed a complaint alleging that Defendant violated the FMLA when it terminated his employment, failed to recognize his "serious health condition," and did not provide him with 12 weeks of unpaid leave. (Compl. ¶¶ 24, 32.) Defendant filed a motion seeking summary judgment on all counts.

## II.    Standard of Review

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323.  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented

3

is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant."   *See id.*

### III.   Analysis

Section 2615(a) of the FMLA makes it unlawful for employers "to interfere with, restrain or deny the exercise of or the attempt to exercise, any right provided," 29 U.S.C. § 2615(a)(1), and "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful . . ." 29 U.S.C. § 2615(a)(2). There are two distinct theories of recovery based upon these two subsections: "(1) the 'entitlement' or 'interference' theory arising from 29 U.S.C. § 2615(a)(1); and (2) the 'retaliation' or 'discrimination' theory arising from 29 U.S.C. § 2615(a)(2)." *Hodge v. Honda of Am. Mfg.*, 384 F.3d 238, 244 (6th Cir. 2004).

Plaintiff does not specify what theory his claims are based upon. In either case, however, the Court employs the *McDonnell Douglas* burden-shifting analysis. *See Arban v. West Publishing Corp.*, 345 F.3d 390, 401 (6th Cir. 2003)(entitlement/interference claims); *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 315 (6th Cir. 2001)(retaliation/discrimination).

Under this approach, the plaintiff must first prove a prima facie case. *Id.* at 315 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). For a prima facie FMLA claim,

> a plaintiff must show (1) that she engaged in conduct protected by the Act, (2) that the defendant was aware of this exercise of protected rights, (3) that the defendant took an employment action adverse to the plaintiff, and (4) that there was a causal connection between the protected activity and the adverse employment action.

4

*Saroli v. Automation & Modular Components, Inc.*, --- F.3d ---, slip op. at 4 (6th Cir. 2005)(citing *Skrjanc*, 272 F.3d at 314).  If a plaintiff offers proof of these elements, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the action.  *See Skrjanc*, 272 F.3d at 315 (citing *McDonnell Douglas*, 411 U.S. at 802-04). Then, if the defendant articulates such a reason, the plaintiff "has the burden of showing that the articulated reason is in reality a pretext to mask discrimination."  *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804-06).

Plaintiff has failed to established a prima facie case for any of his claims–that the FMLA was violated when (1) Defendant terminated his employment, (2) failed to recognize his "serious health condition," (3) and did not provide him with 12 weeks of unpaid leave. The latter two claims are easily disposed of.  The FMLA does not require an employer to diagnose its employees' medical problems.   Thus, the second claim cannot stand. Plaintiff's second contention–that Defendant failed to give him the 12 weeks of leave–is also baseless because, even if he had a "serious health condition," Defendant never denied a request for time off.[2]

Plaintiff also complains about his termination.  As noted above, for his prima facie case, Plaintiff must show that he was engaged in a protected activity known to Defendant and suffered an adverse action because of this activity.

---

[2]This claim is likely brought under the interference theory.  To establish a prima facie case here, Plaintiff must establish that (1) he was an eligible employee, (2) Defendant is a covered employer, (3) he was entitled to leave under the FMLA, (4) he gave Defendant notice of his intent to take leave, and (5) Defendant denied his FMLA benefits or interfered with FMLA rights to which he was entitled.  *Hoge v. Honda of America Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004)(citation omitted).  Because Plaintiff has not shown that he asked and Defendant rejected a request, the fourth and fifth elements have not been proven.

To show that he engaged in a protected activity, Plaintiff only notes that he took time off to visit the doctor and that he had chest pains.   However, every illness/doctor's appointment is not protected under the Act.   Plaintiff must show that he had a "serious health condition."   29 U.S.C. § 2612(a)(1).[3]   Under the FMLA, this includes "an illness, injury, impairment, or physical or mental condition" where the employee went into inpatient care (i.e., an overnight stay) or any "continuing treatment by a health care provider."   29 U.S.C. § 2611(11); 29 C.F.R. 824.114(a) (2004).   He was not in inpatient care, so the Court must determine if he participated in "continuing treatment."

> A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:
>
> (i) A period of incapacity (i.e., inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition . . . .
>
> (ii) Any period of incapacity due to pregnancy, or for prenatal care.
>
> (iii) Any period of incapacity or treatment for such incapacity due to a chronic serious health condition.   A chronic serious health condition is one which:
>
> > (A) Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;
> >
> > (B) Continues over an extended period of time (including recurring episodes of a single underlying condition); and
> >
> > (C) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).
>
> (iv) A period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective.  The employee must be under the continuing supervision of, but need not be seeking active treatment by, a health care provider.  Examples include Alzheimer's, a severe stroke, or the terminal stages of a disease.
>
> (v) Any period of absence to receive multiple treatments . . . by a health care provider . . . under orders of, or on referral by, a health care provider

---

[3]The FMLA also permits leave for other reasons such as the birth of a child.  *See* 29 U.S.C. § 2612(a)(1).  None of these are relevant here.

. . . for a condition that would likely result in a period of incapacity of more than three consecutive calendar days in the absence of medical intervention or treatment, such as cancer (chemotherapy, radiation, etc.), severe arthritis (physical therapy), kidney disease (dialysis).

29 C.F.R. 824.114(a)(ii) (2004). A "treatment" includes "examinations to determine if a serious health condition exists," but not if they are "routine physical examinations." 29 C.F.R. 824.114(b) (2004).

Plaintiff was not out of work for three consecutive days, so sub-section (i) does not apply. Sub-section (ii) is not applicable. His condition also does not constitute a "permanent or long-term [illness] . . . for which treatment may not be effective;" thus, the "treatment" cannot fall within sub-section (iv). Generally, chest pains (which are then diagnosed as acid reflux) are neither classified as a "chronic" illness nor likely to incapacitate an employee for more than three consecutive calendar days. Plaintiff has not provided any evidence that a health care provider believed his condition was life threatening or serious. However, even if Plaintiff's doctors believed he may have heart problems and wanted further testing–arguably allowing his appointments to fall within sub-sections (iii) or (v)–Plaintiff still cannot establish all of the elements necessary for a prima facie case.

The termination is an adverse action and Defendant was aware of Plaintiff's appointments and chest pains. However, Plaintiff has not provided any evidence of causation. Moreover, Defendant has shown that Plaintiff was terminated because of his poor work performance and absenteeism/tardiness. This is a legitimate nondiscriminatory reason, which would shift the burden back to Plaintiff to show that it is a mere pretext. He

has not done so.  Thus, Plaintiff's FMLA claims cannot stand and Defendant's motion for summary judgment must be granted.

## IV.  Conclusion

For the reasons set forth above, the Court hereby orders that Defendant's motion for summary judgment on all of Plaintiff's claims is **GRANTED**.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 7, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager